1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   Shawn D. Catz, et al.,                    )    No. CV 03-91-TUC-FRZ
                                              )
10             Plaintiffs,                     )    **ORDER**
                                              )
11  vs.                                       )
                                              )
12                                            )
    Susan R. Chalker, et al.,                 )
13                                            )
               Defendants.                    )
14                                            )
                                              )
15  _____      )

16       Pending before the Court is Plaintiff Robert Catz' "Motion to Treat Defendants' Motion

17  to Dismiss as Motion for Summary Judgment Requiring Defendants to File Statement of

18  Factual Issues Not in Dispute Under L.Civ.R 56.1."  *See* Doc. #72.  For the reasons stated

19  below, Plaintiff's motion is denied.

20       This case has been litigated for over a decade.  The litigation stems from a divorce action

21  between Robert S. Catz and Susan R. Chalker that was originally filed in Pima County

22  Superior Court in Tucson, Arizona in 1994.  Pursuant to that divorce action, which was

23  initiated by Chalker, a default judgment was entered against Catz in 1995.  The divorce

24  decree awarded Chalker various assets, including title to several securities accounts (which

25  were in Catz' name) maintained by TIAA-CREF, Waterhouse Securities, and Fidelity.

26

27

28

1   During the pendency of that divorce action and beyond (i.e., the next decade), Robert Catz[1]

2   has named as defendants, among others, Susan Chalker, her two divorce attorneys, the Clerk

3   of the Pima County Superior Court, various Pima County Superior Court judges, TIAA-

4   CREF, Waterhouse Securities, and Fidelity. Catz has also asserted numerous claims,

5   including, that the Arizona divorce decree was obtained by fraud, that there were secret

6   agreements between Chalker's divorce attorneys and Pima County Superior Court judges to

7   defraud Catz, that the divorce decree must be declared invalid in violation of due process,

8   civil rights violations under 42 U.S.C. §1983, professional malpractice, abuse of process,

9   intentional and negligent infliction of emotional distress, tortuous interference with business

10  relationships, and violations of the Electronic Communications Act (18 U.S.C. §2511). Catz

11  has also filed state and federal actions relating to these claims with the Arizona state trial

12  court, the Arizona Court of Appeals, the Arizona Supreme Court, the U.S. Supreme Court,

13  Arizona federal district court, Ohio state trial court, Ohio federal district court, Tennessee

14  federal district court, and the Sixth Circuit Court of Appeals.

15      In light of the overlapping claims in these various jurisdictions which have required court

16  rulings, previous courts, including the Sixth Circuit Court of Appeals, have ruled that many

17  of Catz' claims are subject to preclusion. *See Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998),

18  *as amended* in 243 F.3d 234 (6th Cir. 2001). Thus, after this case was transferred from the

19

20  ───────────────

        [1]Throughout the more than ten years of litigation, Robert Catz has both litigated pro se and
21  has litigated with retained counsel. Furthermore, Robert Catz has also included within the litigation
    his two sons (Shawn and Jason Catz) who allegedly have a financial interest in the securities
22  accounts; throughout the litigation, to the extent Shawn and Jason have been included, the same
    attorneys have represented Catz and his sons, or Catz (acting pro se) has both represented himself
23  and his two sons. For example, after this case was transferred from a federal district court in
    Tennessee to the district of Arizona in 2003, Israel Weinstock (a disbarred attorney) attempted to
24  represent Catz and his sons and appear before this Court on behalf of Catz and his sons. However,
    at the time that Israel Weinstock personally appeared before this Court in December of 2004 for a
25  status conference, the Court learned during that hearing that Israel Weinstock was a disbarred
    attorney from New York; as such, the Court would not permit him to appear in this Court and
26  represent Catz and his sons before this Court. Thereafter, Robert Catz has appeared pro se in this
    case on behalf of himself and his two sons.
27

28

1   district of Tennessee to the district of Arizona, Defendants filed a motion to dismiss arguing

2   that nearly all of Catz' claims must be dismissed due to preclusion.  *See id.*  In support of the

3   motion to dismiss, Defendants submitted a binder of exhibits (along with a detailed chart

4   identifying and summarizing the attached exhibits) filled with various pleadings, docket

5   reports, and rulings from the underlying and related litigation in this case to show that Catz'

6   claims are precluded.  *See* Doc. #'s 69 (Motion to Dismiss) and 70 (Exhibits in Support of

7   Motion to Dismiss).   In response, Catz filed the motion at bar arguing that Defendants

8   motion to dismiss must be viewed and treated as a summary judgment motion as Defendants

9   have submitted documents outside of the pleadings. *See* FED.R.CIV.P. 12(b)(6)(stating that

10  a motion to dismiss for failure to state a claim is treated as a summary judgment motion

11  where matters outside the pleadings are submitted).  The Court disagrees.

12      As Defendants argue in their response, all of the documents submitted are simply Catz'

13  own pleadings filed in this or related litigation, docket reports related to this litigation, and

14  various rulings by the courts in this or related litigation.  As such, all of these matters are

15  properly before the Court in relation to Defendants' motion to dismiss.  Indeed, there is ample

16  Ninth Circuit authority showing that the documents submitted to the Court in support of

17  Defendants' motion to dismiss are subject to judicial notice, and therefore, this Court takes

18  judicial notice of those documents;[2] further, under these circumstances the motion to dismiss

19  is not converted into a summary judgment motion.  *See*, *e.g.*, *Reyna Pasta Bella, LLC v. Visa*

20  *USA, Inc.*, 442 F.3d 741,  746 n. 6 (9th Cir. 2006)(affirming district court's dismissal of case

21  due to preclusion; holding that it is appropriate to take judicial notice of court filings and

22  other matters of public record such as pleadings, briefs, memoranda, motions, and transcripts

23  filed in the underlying and related litigation); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir.

24  2002)(in relation to preclusion analysis, the court took judicial notice of related state court

25  _____

26      [2]The Court construes Defendants' submission of these documents in support of their motion
    to dismiss, along with Defendants' response to Plaintiff's motion at bar, as a request to take judicial

27  notice of the documents in question relating to the underlying and related litigation in this case.  The
    Court notes, as Defendants argue in their response, that many of the pleadings actually submitted

28  are pleadings initiated by Catz.

opinions and briefs); *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2002)(taking judicial notice of filings in state court action in order to evaluate preclusion and any surviving claims in the case); *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005)(courts may take judicial notice of the docket in related cases as materials from a proceeding in another tribunal are appropriate for judicial notice); *Emrich v. Touche Ross & Company*, 846 F.2d 1190, 1198 (9th Cir. 1988)(a motion to dismiss for failure to state a claim is not treated as a summary judgment motion where the Court considers matters subject to judicial notice such as proceedings and determinations in related litigation); *Mullis v. U.S. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987)(facts subject to judicial notice may be considered in relation to a motion to dismiss; further holding that on a motion to dismiss, the court need not accept as true allegations that contradict facts which may be judicially noticed by the court).

Accordingly, IT IS HEREBY ORDERED that Catz' motion (Doc. #72) is **denied**; the Court takes judicial notice of the matters submitted by Defendants in support of their motion to dismiss, and Defendants' motion to dismiss will not be treated as a summary judgment motion requiring a separate statement of undisputed facts.

DATED this 31st day of August, 2006.

FRANK R. ZAPATA
United States District Judge