IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn D. Katz, et al., | No. CIV 03-91-TUC-FRZ |
| Plaintiffs, | **ORDER** |
| vs. | |
| Susan R. Chalker, et al., | |
| Defendants. | |

## I. BACKGROUND

Pending before the Court is Defendant TIAA-CREF's Motion for Award of Attorneys' Fees and Defendants Leonard Karp, Annette Everlove and Susan Chalker's ("Chalker Defendants") Motion for Award of Attorneys' Fees. United States Magistrate Judge Jennifer C. Guerin issued a Report and Recommendation recommending that the motions be granted and Defendants be awarded the full amount of attorneys' fees requested. Plaintiffs' filed objections to the Report and Recommendation. Although Defendant TIAA-CREF was awarded the full amount of attorneys' fees requested, it filed a partial objection to the Report and Recommendation; the Court will deny TIAA-CREF's objection as moot.

## II. STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*,

170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

### III. DISCUSSION[1]

#### A. Objections

A review of the documents filed by Plaintiffs purportedly objecting to the Report and Recommendation shows that Plaintiffs did not file any specific objections to the Report and Recommendation. As such, there are no specific objections for the Court to address. Rather, Plaintiffs summarily rely on the previously filed responses to the motions for attorneys' fees at issue. As the Report and Recommendation throughly and correctly discussed the relevant facts and law and properly granted the motions for attorneys' fees, Plaintiffs' purported objections to the Report and Recommendation are denied.[2]

As mentioned above, Defendant TIAA-CREF filed a partial objection to the Report and Recommendation. While the Report and Recommendation found that TIAA-CREF was not entitled to an award of fees pursuant to 42 U.S.C. §1988, the Report and Recommendation

---

[1] As the Report and Recommendation throughly discusses the relevant facts and law, the Court will not repeat that discussion. Rather, the relevant facts and law will be addressed only to the extent necessary to resolve the specific objections filed by the parties.

[2] The Court notes that Plaintiffs have requested (Doc. #156) that the Court defer ruling on the motions for attorneys' fees until such time as the appeal on the merits with the Ninth Circuit is resolved. Defendants have opposed this request as this litigation has spanned more than a decade, a ruling on the motions for attorneys fees will bring this case closer to a conclusion, and it is more efficient to rule on the motions for attorneys' fees at this point in time; to the extent Plaintiffs' appeal the ruling on the motions for attorneys' fees, this appeal can be consolidated and decided with the appeal on the merits. There is no question that the Court has jurisdiction to rule on motions for attorneys' fees while an appeal is pending. *See Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2nd Cir. 2004)(". . . notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees."); *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir.1998)(" . . . the district court retains jurisdiction over collateral matters not involved in the appeal . . . Attorney's fees awards are collateral matters over which the district court retains jurisdiction."); *League of Women Voters of California v. FCC*, 751 F.2d 986, 990 (9th Cir. 1985)("Although a notice of appeal has been filed, a district court . . . retains jurisdiction to rule upon a request for attorney fees."). In the interest of finality and efficiency, Plaintiffs' request to defer ruling on the motions for attorneys' fees is denied. The Court also notes that Defendants summarily requested (Doc. #'s 141, 142) that Plaintiffs be required to post a bond on appeal; the request is denied.

nonetheless found that TIAA-CREF was entitled to all of its requested attorneys' fees pursuant to 28 U.S.C. §1927. *See* Report and Recommendation at 5. TIAA-CREF's only objection is that it is entitled to fees pursuant to both 42 U.S.C. §1988 and 28 U.S.C. §1927. As the Court is adopting the Report and Recommendation, and TIAA-CREF is receiving all of its requested fees, TIAA-CREF's objection is denied as moot.

### B. Remaining Issues

As to the remaining issues that were not objected to by the parties, the Court has reviewed the entire record and concludes that Magistrate Judge Guerin's recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

(1) United States Magistrate Judge Guerin's Report and Recommendation (Doc. #154) is **accepted and adopted**.

(2) Defendants' motions for attorneys' fees (Doc. #'s 125, 129) are **granted**.

(3) The Court awards attorneys' fees and costs in the amount of **$33,824.00 to TIAA-CREF** against each Plaintiff jointly and severally.

(4) The Court awards attorneys' fees and costs in the amount of **$66,126.00 to the Chalker Defendants** against each Plaintiff jointly and severally.

(5) **The Clerk of the Court shall enter judgment accordingly**.

DATED this 26th day of October, 2007.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge